IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| FRED HEATHERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:04-cv-183 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This social security appeal is before the court for consideration of plaintiff's objections to the magistrate judge's report and recommendation [Doc. 17]. In his report and recommendation, United States Magistrate Judge C. Clifford Shirley, Jr. found that the defendant Commissioner's decision that the plaintiff is not disabled is supported by substantial evidence in the record as a whole and should be affirmed [Doc. 16]. He recommended that the plaintiff's motion for judgment on the pleadings [Doc. 10] be denied; that the defendant Commissioner's motion for summary judgment [Doc. 12] be granted; and that the case be dismissed.

The court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit*

*Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989) (citation omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.* (citation omitted).

In considering claimant's objection to the Magistrate Judge's ruling, the court has independently reviewed the entire record, including the report and recommendation, the ALJ's written decision, the transcript of the hearing, the hearing exhibits, relevant correspondence, and relevant documents submitted after the hearing.

This court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the court might have decided issues of credibility differently. *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the plaintiff objects. For the reasons stated herein, the objections will be overruled.

2

Plaintiff objects that the magistrate judge erred in agreeing with the ALJ's conclusion that plaintiff was literate. He claims the classification should be illiterate or mentally retarded. However, after review, the undersigned finds no error in the determinations of the magistrate judge. As noted in the report and recommendation, plaintiff did not even put forth a claim of mental retardation. While the plaintiff puts great emphasis on "new" evidence, this court cannot consider and utilize evidence not in the record before the ALJ to overturn his decision. As stressed by the magistrate judge, the burden of providing a complete record rests with the claimant. Unfortunately, plaintiff has failed to demonstrate good cause for not timely submitting the evidence of his alleged retardation to the ALJ.

There is substantial evidence in the record as a whole to support the ALJ's decision, and when there is such substantial evidence, the ALJ's decision must be affirmed. *See Tyra v. Secretary of Health and Human Services,* 896 F.2d 1024, 1028 (6th Cir. 1990). Having found no error in the magistrate judge's report and recommendation, the court will overrule plaintiff's objections; accept the report and recommendation in whole; grant the defendant Commissioner's motion for summary judgment; deny plaintiff's motion for judgment on the pleadings; and affirm the decision of the Commissioner denying plaintiff's application for benefits under the Social Security Act. This case will be dismissed.

ORDER TO FOLLOW.

ENTER:


    <u>s/Thomas W. Phillips</u>
**UNITED STATES DISTRICT JUDGE**